INTHE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PAUL WINDOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-345(MTT) |
| NORFOLK SOUTHERN RAILWAY COMPANY, *et al.,* | ) ) ) ) |
| Defendants. | ) ) |

### ORDER

Before the Court is Defendant Sharon R. Heyob's Motion to Dismiss. (Doc. 11). Heyob contends Plaintiff Paul Windom fails "to state any legally plausible claim for relief" against her, or, alternatively, that Windom failed to exhaust his administrative remedies against her. (Doc. 11-1 at 2-3). For the following reasons, the Motion is **DENIED**.

### I.   FACTUAL AND PROCEDURAL HISTORY[1]

Windom was employed as a welder by Defendant Norfolk Southern Railway Company (Norfolk). He alleges he was injured at work on August 6, 2010, when he slipped while getting off a truck. Windom contends that he reported his injury to Tommy Thornhill, his immediate supervisor. (Doc. 1 at 3). He further contends Thornhill told Lucious Bobbitt, a managerial employee with supervisory authority over Windom. Following Thornhill's phone call to Bobbitt, Windom alleges that he spoke with Bobbitt and Bobbitt "repeatedly interrogated [the] Plaintiff regarding the incident and injury." (Doc. 1 at 4). Windom continued to work until August 11. He then informed Thornhill

---

[1] The facts are taken from the Complaint (Doc. 1) and are accepted as true.

he needed medical treatment for his injury.  Windom contends Thornhill immediately reported this information to Bobbitt.  Though Windom told Thornhill he needed a medical provider near Tifton, Thornhill instead took him to a medical doctor in Valdosta.  However, the doctor was not available and Thornhill eventually had to take Windom to the hospital in Valdosta.  Windom alleges was he was unable to work because of injuries sustained in the August 6 accident.

Windom was eventually charged with violating company safety rules.  (Doc. 1 a 5).  On August 19, 2010, "Defendant Norfolk Southern, acting through Defendant Heyob, began writing [the] Plaintiff demanding that he provide medical records."  (Doc. 1 at 5).  Defendant Sharon Heyob was Norfolk's Manager of Administrative Services.  (Doc. 1 at 2).  On September 14, Norfolk was informed that Windom was represented by legal counsel, and that all further communication regarding the August 6 incident should be directed to Windom's counsel.  (Doc. 1 at 5).  On September 20, Norfolk acknowledged in writing that it knew Windom was represented by counsel.  (Doc. 1 at 6).  On October 1, Heyob again wrote directly to Windom seeking medical records related to the August 6 incident.  (Doc. 1 at 6).   On October 28, Windom filed a FELA action[2] as a result of the August 6 accident.  (Doc. 1 at 6).  On November 11, Heyob again demanded that Windom provide medical records relating to the August 6 accident.  (Doc. 1 at 6).  Heyob also threatened to terminate Windom's employment if he did not comply with the demand.  (Doc. 1 at 6).  Windom contends Bobbitt also called and threatened termination.  (Doc. 1 at 6).  On November 15, Norfolk received Windom's medical records, and then on December 2 Heyob terminated Windom's employment.   (Doc. 1 at 7).

---

[2] *Windom v. Norfolk Southern Railway Company*, Civil Action Number 5:10-cv-407 (MTT).

Windom now brings this action pursuant to the Federal Rail Safety Act (FRSA) against Norfolk and Sharon Heyob.[3] (Doc. 1). Windom contends that reporting his injury and seeking medical treatment are both activities protected by the FRSA. Windom contends that Norfolk knew he "had suffered and was reporting an on the job injury." (Doc. 1 at 8). He contends Norfolk "planned to punish [him] at least in part because of his report of an on the job injury." (Doc. 1 at 8). He contends the Defendants acted together to violate the FRSA because he reported the injury. (Doc. 1 at 8). Windom further contends that the Defendants' actions are motivated by the Defendants' policy of "retaliating against and harassing and intimidating employees who suffer and report on the job injuries." (Doc. 1 at 8).

## II.   MOTION TO DISMISS STANDARD

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). However, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

---

[3] Defendants Bobbitt and Thornhill were dismissed by Stipulation on September 13, 2012. (Doc. 7).

### III.     DISCUSSION

### A.     Whether Windom Exhausted his Administrative Remedies against Defendant Sharon Heyob

The FRSA requires that before a plaintiff seeks review of his FRSA claim in a district court, he must first file a complaint with the Secretary of Labor, specifically the Occupational Safety and Health Administration (OSHA).  49 U.S.C. § 20109(d).  With regard to an employee who believes he "has been retaliated against by an employer in violation of … FRSA," "[n]o particular form of complaint is required.  A complaint may be filed orally or in writing."  29 C.F.R. §§ 1983.103(a), (b).  The purpose of an OSHA complaint is to "afford OSHA the opportunity to resolve the plaintiff's allegations through the administrative process."  *Bozeman v. Per-Se Technology, Inc.*, 456 F. Supp. 2d 1282, 1358 (N.D. Ga. 2006) (citing *Hanna v. WCI Communities, Inc.,* 348 F. Supp. 2d 1322, 1326 (S.D. Fla. 2004)).   However, if OSHA "has not issued a final decision within 210 days after the filing of the complaint …, the employee may [bring an action] in the appropriate district court."  49 U.S.C. § 20109(d)(3).

Windom filed a timely OSHA complaint with the United States Department of Labor.  (Doc. 11-8 at 2).  For reasons unclear, Windom used the "Notice of Alleged Safety or Health Hazards" complaint form.  In the complaint heading, the establishment named is "Norfolk Southern Corp.," and the management official named is "S.R. Heyob."  (Doc. 11-8 at 2).  The type of business listed is "Railroad-interstate commerce FRSA."  There are no other places on the complaint form to name specific individuals.

Defendant Heyob contends that though Windom filed an administrative complaint, he failed to specifically name Heyob as a "respondent in his OSHA complaint."  (Doc. 11-1 at 8).  Heyob acknowledges that she is listed as the

management official, but argues that because of his failure to list her as a "respondent," Windom failed to exhaust his administrative remedies against her, and thus she must be dismissed from this action.

Heyob cites two cases, *Bozeman v. Per-Se Technology, Inc.*, 456 F. Supp. 2d 1282 (N.D. Ga. 2006) and *Smith v. Psychiatrist Solutions, Inc.*, 2009 WL 903624 (N.D. Fla.), to support this argument. Both *Bozeman* and *Smith* involve Sarbanes-Oxley whistleblower violations.[4] Heyob contends that the administrative exhaustion process for this type of violation is akin to the process for alleged FRSA violations. Even assuming that the administrative process for Sarbanes-Oxley whistleblower and FRSA whistleblower actions are similar, these two cases do not warrant Heyob's dismissal from this action.

In *Bozeman*, the court concluded that mentioning an individual defendant in the body of the complaint was insufficient for administrative exhaustion purposes. *Bozeman*, 456 F. Supp. 2d at 1358. The court reasoned that even if it assumed the individual defendant "'was placed on notice that he had allegedly violated the law, that notice has no consequence as to whether OSHA was placed on notice that it was required to investigate the individual defendant's action in this case.'" *Id.* (quoting *Hanna*, 348 F. Supp. 2d at 1326). Thus, the court held that because the plaintiff "had failed to specifically name [the proper defendants] in the *heading* of his administrative complaint," the defendants were entitled to summary judgment. *Id.* (emphasis added). Similarly, in *Smith*, the plaintiff did not name the defendants "in the *heading* of her

---

[4] The Court notes that though the time period requirements for Sarbanes-Oxley whistleblower claims are different, "[b]efore an employee can assert a cause of action in federal court under the … Act, the employee must file a complaint with OSHA and afford OSHA the opportunity to resolve the allegations administratively," similar to FRSA whistleblower claims. *Bozeman*, 456 F. Supp. 2d at 1357 (internal quotations and citation omitted).

administrative complaint or indeed anywhere in her complaint …. Thus, [the plaintiff was] unable to establish a claim against either of these defendants due to her failure to properly exhaust her administrative remedies with respect to them." *Smith*, 2009 WL 903624, *8 (emphasis added).  Ultimately, the court held the plaintiff's "Sarbanes- Oxley whistleblower claim can lie against … the only defendant named in her administrative complaint." *Id.*

Here, Windom named Norfolk as the establishment and Heyob as the management official in the heading of his complaint.  Windom contends "[i]t is obvious that [the] Plaintiff intended for Heyob to be named specifically in the OSHA complaint – that is why he listed her name specifically on the OSHA form in the only location that seeks a person's name." (Doc. 20 at 12).  The Court agrees that it is sufficiently clear that Windom intended his OSHA complaint to be directed at Norfolk and Heyob.  There is no other location on the complaint for Windom to have named Heyob.  Heyob is clearly listed in the heading of the complaint.  Thus, *Bozeman* and *Smith* are inapposite.

Heyob also contends that "[t]he body of [the] Plaintiff's OSHA complaint … makes clear that Defendant NSRC is the respondent in his complaint." (Doc. 11-1 at 9). The Court disagrees.  Reasonably interpreted, the form states that Norfolk, through its management official, engaged in improper conduct.  The specific acts described in the form were acts of Heyob's. Had OSHA investigated[5], it would have been apparent to OSHA that Windom was complaining of Heyob's actions.  Thus, the Court finds that

---

[5] As discussed above, the purpose of the OSHA administrative exhaustion requirement is to give OSHA the opportunity to resolve the plaintiff's allegations through the administrative process.  Here, the OSHA complaint notified OSHA that, if it were to investigate Windom's claim, its investigation would include Heyob.

Windom's failure to mention Heyob in the body of the OSHA complaint does not require Heyob's dismissal.

Further, any arguments related to the form of complaint submitted by Windom are misplaced. Heyob acknowledges that the regulations permit Windom to submit a complaint in any form, and thus, her arguments regarding whether or not Windom submitted the correct "whistleblower complaint" warrant no analysis.

Heyob also contends that only one copy of Windom's complaint was sent to Norfolk's Atlanta headquarters, and that Heyob never received a complaint addressed specifically to her. This suggests, Heyob argues, that OSHA did not interpret the complaint to identify Heyob as a respondent. The Court cannot draw this conclusion. The complaint was sent to the only address Windom provided on the OSHA complaint for Norfolk and Heyob. In any event, both parties admit that Windom filed a timely complaint with OSHA, and that more than 210 days passed with no decision from OSHA. (Doc. 1 at 2, ¶13; Doc. 10 at 2, ¶8).[6] Thus, OSHA failed to officially act on Windom's complaint at all, and the Court does not find OSHA's alleged failure to send Heyob a copy of the complaint dispositive.

Therefore, the Court finds that because Windom named Heyob, specifically, in the heading of his properly filed OSHA complaint, he has exhausted his administrative remedies against her.

### B.  Whether Windom States a Claim for Relief against Defendant Sharon Heyob

Heyob also contends that Windom failed to state "any legally plausible claim for relief" against her. (Doc. 11-1 at 3). She argues that Windom's complaint does not

---

[6] Heyob denies that those allegations are sufficient to confer jurisdiction on this court or to allege satisfaction of administrative prerequisites, but admits to the underlying factual contentions.

allege any wrongdoing by her.  Further, Heyob admits that her name appears several times in the complaint, but argues "the paragraphs in which her name appears are actually allegations made against" Norfolk.  (Doc. 11-1 at 5).  Further, Heyob points to paragraphs in the complaint that allege wrongdoing, but that mention Norfolk and other individuals without mentioning her by name.  Thus, Heyob argues that allegations in the complaint do not permit the Court to infer more than a mere possibility of misconduct by her.

On the other hand, Windom contends he complies with Federal Rule of Civil Procedure 8 requirements and has pled facts sufficient to allow the Court draw "the reasonable inference that the [D]efendant is liable for the misconduct alleged." (Doc. 20 at 5).  He points to several specific allegations in the complaint regarding Heyob's actions and argues that these are not general or legal conclusions but specific factual allegations supporting his FRSA claim against Heyob.[7]

A complaint must contain sufficient factual matter that if accepted as true states a claim to relief that is plausible on its face.  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.  *Twombly* and *Iqbal* "do not suggest that the Supreme Court intended to rewrite Rule 12(b)(6) or abandon notice pleadings." *Meyer v. Snyders Lance Inc.*, 2012 WL 6913724, *1 (M.D. Ga).  Further, at this stage, "the pleadings are construed broadly and … the allegations in the complaint are viewed in the light most favorable to the plaintiff." *Watts v. Florida Intern. University*, 495 F.3d 1289, 1295 (11th Cir. 2007) (internal citations and quotations omitted).  Though "a formulaic recitation of the

---

[7] Windom attached documents to his Response that are not attached to the original complaint.  Heyob contends that Windom is improperly attempting to amend his complaint.  The Court did not consider these additional documents in determining whether Windom stated a claim, because at the Motion to Dismiss stage all facts alleged in the Complaint are accepted as true.  Thus, Windom need not provide evidentiary support of the facts alleged.

elements … will not do," Rule 12(b)(6) does not permit dismissal of a complaint if the factual allegations are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Here, Windom satisfied Rule 8's pleading requirements. Windom's whistleblower claim is based on allegedly unlawful retaliation for reporting an on-the-job injury. Windom contends that reporting his injury and seeking medical treatment are both activities protected by the FRSA. Windom contends that Norfolk knew the Plaintiff "had suffered and was reporting an on the job injury." (Doc. 1 at 8). He contends Norfolk "planned to punish [him] at least in part because of his report of an on the job injury." (Doc. 1 at 8). He contends the Defendants acted together to violated the FRSA because he reported this injury. (Doc. 1 at 8).

Though Heyob is not mentioned in every factual contention, it is unlikely any individual would be the sole actor in this FRSA whistleblower action. Windom alleges Heyob was Norfolk's Manager of Administrative Services. (Doc. 1 at 2). Further, Windom alleges that on August 19, 2010 "Defendant Norfolk Southern, acting through Defendant Heyob, began writing [the] Plaintiff demanding that he provide medical records." (Doc. 1 at 5). After Norfolk was notified that Windom was represented by counsel and all communications should be directed to his counsel, Heyob again wrote directly to Windom seeking medical records related to the August 6 incident. (Doc. 1 at 6).

Then, on October 28, Windom filed a FELA action as a result of the August 6 accident. (Doc. 1 at 6). On November 11, Heyob again demanded that the Plaintiff provide medical records relating to the August 6 accident. (Doc. 1 at 6). Heyob also

threatened to terminate Windom's employment if he did not comply with the demand. (Doc. 1 at 6). On November 15, Norfolk received Windom's medical records, and then on December 2, Heyob terminated Windom's employment. (Doc. 1 at 7).

Windom contends that all the Defendants terminated his employment because of his August 6 injury and for "reporting" the injury. (Doc. 1 at 8). Windom further contends that the Defendants' actions are motivated by the Defendants' policy of "retaliating against and harassing and intimidating employees who suffer and report on the job injuries." (Doc. 1 at 8). It is clear to the Court that Windom has alleged sufficient facts that if accepted as true state a plausible FRSA claim against Heyob.

Accordingly, Defendant Sharon Heyob's Motion to Dismiss is **DENIED**.

**SO ORDERED**, this 1st day of February, 2013.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT